UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAM WONG,<br><br>   Plaintiff,<br><br> v.<br><br>ALAMEDA COUNTY, et al.,<br><br>   Defendants. | Case No. 18-cv-00353-JST<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner at Glenn Dyer Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983. His third amended complaint (ECF No. 14) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

Although a complaint "does not need detailed factual allegations [in order to state a complaint], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Complaint**

    **1.     Factual Allegations**

Plaintiff alleges that on September 9, 2017, while he was housed at Santa Rita Jail ("SRJ") in Housing Unit No. 6, D-Pod, SRJ Officer Dominguez approached his cell and ordered Plaintiff to move to SRJ Housing Unit No. 6, F-Pod. ECF No. 14 at 4. Plaintiff refused and was placed in the Housing Unit No. 6's isolation cell. Officer Dominguez contacted another deputy and this unnamed deputy threatened to assault him saying, "I will send five to six deputies at you and use force on you, to force you into F-Pod." ECF No. 14 at 4. Plaintiff responded, "Go ahead . . . send them and rough me up, I'll just sit here. I will file lawsuit for all their roughness and excessive force." ECF No. 14 at 4. In response, Officer Dominguez falsely informed the classification unit that Plaintiff had threatened correctional officials. As a result, Plaintiff was immediately transferred to the administrative segregation unit, which is located in Housing Unit No. 2.

SRJ Deputy McBride escorted Plaintiff to the administrative segregation unit. When Deputy McBride entered the isolation cell, he handcuffed Plaintiff and stated, "So . . . you wanted to threaten to fight with deputies huh! Guess what . . . you're going to F-Pod. But not H.U. #6 F-Pod, you're going to F-Pod in H.U. #2. One way or another you're going to F-Pod. You ain't going to like this, there's shits (feces) all over the place. In the pod, the cells and all over the walls." When they reached Housing Unit No. 2, Deputy McBride confirmed that there were

vacant cells in B-Pod and C-Pod, but insisted on housing Plaintiff in F-Pod, Cell 13. Plaintiff's cell and the adjacent cells were flooded by brownish water with feces. Prior to placing Plaintiff in the cell, Deputy McBride inspected the cell. There was clumps and smears of dried feces on the desktop and walls; a puddle of urine on the floor; urine and saliva stains on the toilet seat; dried blood smears on the floor and walls; dried water feces spots on the edges of the bunkbed; dried feces smears under the top bunkbed; and dried and wet feces in the gap between the cell door and the floor. The outtake ventilation did not work. Plaintiff was forced to sleep and eat next to feces from September 9 to September 18, 2017. These unsanitary conditions exposed Plaintiff to deadly diseases such as Hepatitis C. ECF No. 14 at 5–6.

In addition, because Housing Unit No. 2, F-Pod, is the housing designated for mentally ill inmates, Plaintiff was forced to endure crazy inmates who continually screamed, and kicked and banged on their cell doors and walls. Plaintiff was also subjected to humiliation because nurses and inmate workers would wrinkle their nose and comment that it smelled like shit. ECF No. 14 at 6.

Plaintiff did not receive written notice prior to his administrative segregation confinement. He did not receive written notice of any disciplinary charges or rules violation. ECF No. 14 at 7. Plaintiff's confinement in administrative segregation violates prison regulations. ECF No. 14 at 7. Plaintiff should have been released from administrative segregation on October 6, 2017, when a disciplinary report against him — of which he was unaware — was dismissed. ECF No. 14 at 7–8. Plaintiff also alleges that the conditions of his administrative segregation confinement are unduly restrictive, and that the administrative segregation placement has caused him psychological harm. ECF No. 14 at 8–9.

On September 12, 2017, Plaintiff submitted grievance number 17-1744 to SRJ Deputy Plunkett, alleging that the living conditions in Housing Unit No. 2, F-Pod, Cell 13, were inhumane. Deputy Plunkett failed to address Plaintiff's living conditions. ECF No. 14 at 9.

On September 18, 2017, Plaintiff was transferred from Housing Unit No. 2, F-Pod to Housing Unit No. 2, D-Pod. ECF No. 14 at 9–10. On October 18, 2017, Plaintiff was transferred to Glenn Dyer Jail ("GDJ"). On November 18, 2017, he was transferred back to Santa Rita Jail.

On December 15, 2017, Plaintiff was transferred back to Glenn Dyer Jail. Throughout these transfers, Plaintiff remained housed in administrative segregation. Plaintiff alleges that throughout these transfers, SRJ Classification Unit Deputy McBride, GDJ Classification Unit Deputy Almeria, and GDJ Classification Unit Deputy Walters had numerous opportunities to release him back into general population. ECF No. 14 at 10. As of the date of the filing of the third amended complaint, Plaintiff still remains housed in administrative segregation.

Plaintiff alleges that Alameda County, Alameda County Sheriff Ahern, SRJ Classification Unit Sergeant Calegari, SRJ Classification Unit Sergeant Hattaway, and GDJ Classification Unit Sergeant Griffits have failed to supervise their subordinates, thereby allowing them to deviate from established departmental rules that prohibit indefinite detention in administrative segregation; and allowing them to establish the following customs and practice: housing inmates in administrative segregation without affording procedural due process protections; housing inmates indefinitely in administrative segregation; and housing inmates in administrative segregation where the disciplinary finding does not require such housing. ECF No. 14 at 10–11.

### 2. Legal Claims

Plaintiff has stated the following cognizable claims.

Plaintiff's allegation that SRJ Officer Dominguez falsified a disciplinary report against him and caused him to be placed in administrative segregation in retaliation for Plaintiff stating that he would sue prison officers if they used excessive force to force a cell move states a cognizable First Amendment retaliation claim. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

Plaintiff's allegation that SRJ Deputy McBride housed him in Housing Unit No. 2, F-Pod, Cell 13, knowing that the cell was covered in feces and otherwise uninhabitable, and that SRJ Deputy Plunkett refused to address these living conditions despite Plaintiff's request states a

4

cognizable Eighth Amendment claim. Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir. 1995).

Plaintiff's allegations that he was not provided with written notice or a hearing prior to being housed in administrative segregation; that he has been denied meaningful review of his placement and retention in administrative segregation; and that he has not received written notice of any disciplinary violation pursuant to which he is being retained in administrative segregation, states a cognizable due process claim against SRJ Deputy McBride and SRJ Deputy Dominguez. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (essential due process principle is that deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to nature of case); Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (suggesting that conditions of confinement which violate Eighth Amendment constitute atypical and significant hardship triggering right to procedural due process). Similarly, liberally construed, Plaintiff's allegation that SRJ Classification Unit Deputy McBride, GDJ Classification Unit Deputy Almeria, and GDJ Classification Unit Deputy Walters failed to review his administrative segregation confinement as he was transferred between institutions, thereby prolonging his inhumane conditions, states a cognizable due process claim.

Plaintiff's allegations that Alameda County, Alameda County Sheriff Ahern, SRJ Classification Unit Sergeant Calegari, SRJ Classification Unit Sergeant Hattaway, and GDJ Classification Unit Sergeant Griffits failed to supervise their subordinates and allowed for the following customs or practice which violate due process — violation of departmental rules prohibiting indefinite detention in administrative segregation; housing inmates in administrative segregation without affording procedural due process protections; housing inmates indefinitely in administrative segregation; and housing inmates in administrative segregation when not required or ordered — state a cognizable due process claim. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984) (supervisor can be held liable under § 1983 where constitutional deprivation resulted from supervisor's failure to properly train or supervise personnel or from custom or policy for which supervisor was responsible); Plumeau v. School

Dist. # 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) ("To impose municipal liability under § 1983 for a violation of constitutional rights plaintiff must show: (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.") (internal citation and quotation marks omitted).

However, Plaintiff's allegation that his equal protection rights have been violated because he is being confined in administrative segregation while inmates who have committed violent acts are not confined in administrative segregation or subject to any mistreatment fails to state a cognizable equal protection claim. Plaintiff's claim is that he is being treated unfairly. Plaintiff is not alleging that he is being treated unequally in comparison to other inmates who are similarly situated, which is the essence of an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). Here, Plaintiff argues that because he is *unlike* inmates who are known to be violent, he should not be housed in restricted or punitive housing, or otherwise mistreated. Different treatment of unlike groups does not support an equal protection claim. Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim."); Schuette v. Coal. to Defend Affirmative Action, Integration & Immigrant Rights & Fight for Equal. By Any Means Necessary (BAMN), ___ U.S. ___, 134 S. Ct. 1623, 1672 (2014) ("[T]here can be no equal protection violation unless the injured individual is a member of a protected group or a class of individuals.").

The Court DISMISSES Plaintiff's equal protection claim without leave to amend because amendment would be futile. See U.S. v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) (dismissal with prejudice appropriate where amendment would be futile).

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint states a cognizable First Amendment claim against Santa Rita Jail Officer Dominguez; a cognizable Eighth Amendment claim against Santa Rita Jail Deputy McBride and Santa Rita Jail Deputy Plunkett; a cognizable due process claim against Santa Rita Jail Deputy McBride; Santa Rita Jail Deputy Dominguez, Santa Rita Jail Classification Unit Sergeant Calegari, Santa Rita Jail Classification Unit Sergeant Hattaway, Glenn Dyer Jail Classification Unit Sergeant Griffits, Glenn Dyer Jail Classification Unit Deputy Almeria, Glenn Dyer Jail Classification Unit Deputy Walters, Alameda County Sheriff Ahern, and Alameda County. The Court DISMISSES with prejudice Plaintiff's equal protection claim.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the third amended complaint with all attachments (ECF No. 14), and a copy of this Order on Santa Rita Jail Officer Dominguez; Santa Rita Jail Deputy McBride; Santa Rita Jail Deputy Plunkett; Santa Rita Jail Classification Unit Sergeant Calegari, Santa Rita Jail Classification Unit Sergeant Hattaway at Santa Rita Jail, 5325 Broder Blvd, Dublin, CA 94568; on Glenn Dyer Jail Classification Unit Sergeant Griffits, Glenn Dyer Jail Classification Unit Deputy Almeria, and Glenn Dyer Jail Classification Unit Deputy Walters at Glenn Dyer Jail, 550 6th St, Oakland, CA 94607; and on Alameda County Sheriff Ahern at the Alameda County Sheriff's Office, 1401 Lakeside Drive, 12th Floor, Oakland, CA 94612-4305. The Clerk shall also mail a courtesy copy of this Order to the Alameda County Counsel's office at Alameda County Counsel, 1221 Oak Street, Suite 450, Oakland CA 94612.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir.

2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

    5.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants'

counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: April 17, 2018

JON S. TIGAR
United States District Judge