United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KAM WONG,<br>　　　　Plaintiff,<br>　v.<br>ALAMEDA COUNTY, et al.,<br>　　　　Defendants. | Case No. 18-cv-00353-JST (RMI)<br><br>**ORDER ON DISCOVERY MOTIONS**<br>Re: Dkt. Nos. 68, 80 |

On March 11, 2019, Plaintiff's pending discovery motions, (dkts. 68 & 80), were referred to the undersigned for disposition. *See* Order (dkt. 83). Both motions are now fully briefed[1] and pursuant to Civil Local Rule 7-1(b), the court finds that the motions are due to be determined without oral argument.

### A. *Motion for Leave to Serve Additional Interrogatories (dkt. 68)*

In this Motion, Plaintiff seeks permission to "propound [four] additional follow up interrogatories upon Defendant McBride." *Mot*. (dkt. 68) at 2. As the basis for this request, Plaintiff points the court to McBride's response to Plaintiff's Request for Admissions, wherein, McBride denied that he violated Plaintiff's constitutional rights. *Id*. at 5.

McBride objects to the Motion on several grounds. First, McBride asserts that Plaintiff has violated Federal Rule of Civil Procedure 33(a) by failing to obtain leave prior to serving these additional interrogatories. *Defs.' Resp*. (dkt. 73) at 2. Rule 33 allows for up to twenty-five (25) interrogatories to be served on any one party and requires leave of court prior to the service of

---
[1] *See* (dkts. 68, 73, 77, 80, 81, & 86).

additional interrogatories. Second, McBride states that Plaintiff's Motion is disingenuous in that it fails to disclose that Plaintiff has already submitted a second set of interrogatories and that this request would amount to a third set. *Id*. Third, McBride argues that the requested additional interrogatories "seek to ask Deputy McBride to prove a negative," and that Plaintiff has neglected "to mention the plethora of discovery responses that have been provided by Deputy McBride (and the other defendants) to date." *Id*. at 3. McBride then provides examples of several previous responses to interrogatories. *Id*. at 3-4.

The requested additional interrogatories are as follows:

> Interrogatory No. 1: Pertaining to your response to "No. 29" of request for admissions. You deny, that you subjected Plaintiff to cruel and unusual punishments. In other words, you are admitting it is okay for you to deliberately house Plaintiff in a pod with mentally ill inmates and the inhumane conditions of confinement than?

> Interrogatory No. 2: Pertaining to your response to "No. 30" of request for admissions. You deny, that you deprived Plaintiff his due process. Can you please state all process you have provided and or afforded to Plaintiff that were due?

> Interrogatory No. 3: Pertaining to your response to "No. 17" of request for admissions. You responded "that it was not his decision to make." Please state did you ever made recommendations after October 6, 2017 to have Plaintiff removed and or released from Ad-Seg confinement?

> Interrogatory No. 4: Pertaining to your response to "No. 32" of request for admissions. You deny, that you violated Plaintiffs' U.S. Constitutional rights. In other words, you are admitting that it is okay for you to deliberately house Plaintiff with mentally ill inmates, inhumane conditions of confinement and deprives Plaintiff procedural due process to challenge the Ad-Seg confinement?

*Mot*. (dkt. 68) at 3-5. On review of the proposed third set of interrogatories, the court finds no basis to allow these to be served. Disagreement with previous responses to interrogatories, or requests for admissions, is not a basis for propounding additional interrogatories. McBride has already denied that he was aware of the poor conditions in which Plaintiff described his cell, and McBride has stated that Plaintiff's classification status and release was not his decision to make.[2]

//

---

[2] See the previous responses to interrogatories and requests for admissions provided in *Defs.' Resp.* (dkt. 73) at 3-4.

In order to respond to Plaintiff's proposed additional interrogatories, McBride would need to: admit to placing Plaintiff in a pod with mentally ill inmates and inhumane conditions of confinement; admit that it was his responsibility to provide Plaintiff with due process; admit that it was within his scope of duties to provide recommendations that Plaintiff be removed or released from Ad-Seg confinement; and, admit that it was okay for Plaintiff to be housed with mentally ill inmates, in inhumane conditions of confinement, and to be deprived of due process. These admissions and responses would run contrary to McBride's previous statements. The proposed interrogatories are argumentative, repetitive, and improper. Again, simply because Plaintiff is unhappy with McBride's responses, or Plaintiff has thought of other ways to ask the same or similar questions, does not mean that he can propound additional interrogatories. Otherwise, the interrogatory process would be endless.

Accordingly, the Motion for Leave to Serve Additional Interrogatories (dkt. 68) is DENIED.

### B. *Motion for Leave to File Motion to Propound Additional Interrogatories (dkt. 80)*

Plaintiff requests leave to file a motion to serve additional interrogatories on Defendants Almeria, Griffitts, Hattaway, & McBride. *Pl.'s Mot.* (dkt. 80). Defendants object to the motion on the basis that Plaintiff has failed to meet-and-confer prior to the filing of the Motion. *See Defs.' Resp.* (dkt. 81). In his Reply, Plaintiff argues that because the Motion seeks leave to file a motion and not a discovery "dispute," no meet-and-confer was required. *See Pl.'s Reply* (dkt. 86).

Regardless of whether Plaintiff was obligated to meet-and-confer prior to the filing of the instant Motion, the court will require it now. Accordingly, Plaintiff's Motion for Leave to File Motion to Propound Additional Interrogatories (dkt. 80) is DENIED. The parties are ordered to meet-and-confer in a good faith attempt to reach a resolution of the matter. The parties should keep in mind the principles of the ruling above in relation to the interrogatory procedure. Plaintiff may refile the motion if the parties are unable to reach a joint resolution. Further, Plaintiff is instructed to attempt to meet-and-confer with Defendants before filing any future motions that have any relation to a discovery matter.

**IT IS SO ORDERED.**

Dated: March 19, 2019

ROBERT M. ILLMAN
United States Magistrate Judge