UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KAM WONG,

    Plaintiff,

v.

ALAMEDA COUNTY, et al.,

    Defendants.

Case No. 18-cv-00353-JST (RMI)

**ORDER ON DISCOVERY MOTIONS**

Re: Dkt. Nos. 84, 85, 111, 118

Pending before the court are four discovery motions (dkts. 84, 85, 111, & 118). The first two motions (dkts. 84 & 85) had previously been set for hearing on May 1, 2019. Defendants moved the court to continue the hearing to allow the parties to meet-and-confer to narrow the issues in dispute. *See* (dkt. 105). On April 30, 2019, the court granted Defendant's request and reset the hearing for June 19, 2019. *See* (dkt. 106). On May 16, 2019, Plaintiff filed the third discovery motion at issue. *See* (dkt. 111). That motion was referred to the undersigned on June 4, 2019. *See* (dkt. 114). The court then set that motion for hearing for July 16, 2019 and reset the hearing on the first two motions for the same date so that all three motions could be heard together. *See* (dkt. 116). On June 13, 2019, Plaintiff filed the fourth discovery motion at issue, *see* (dkt. 118), which the court set to be heard with all the other pending motions on July 16, 2019. *See* (dkt. 122). On July 9, 2019, Defendants filed an unopposed motion to continue the hearing of July 16, to allow the parties additional time to meet-and-confer as ordered by the court. *See* (dkt. 125). As counsel for Defendants stated:

> On July 2, 2019, defense counsel and Mr. Wong met-and-conferred by phone on the subject of plaintiff's three discovery motions. The telephone conference lasted

for TWO HOURS between 10:30 a.m. and 12:38 p.m. Unfortunately, the parties were only able to address the subject of one motion (ECF No. 84) and even then did not have the time or the energy to finish the discussion.

At the conclusion of the phone conference, the parties agreed that it was necessary to participate in another meet-and-confer phone conference, and to continue the Discovery Hearing and to seek enlargement of the dispositive motion filing deadline. Plaintiff agreed to and does not oppose this motion.

*Id*. at 3. The court granted the motion and reset the hearing for September 17, 2019. *See* (dkt. 126).

On September 13, 2019, Defendants filed a motion to vacate the hearing because "Plaintiff is a federal prisoner in the custody of the U.S. Marshals and currently incarcerated [] in a federal prison at an undisclosed location." *See* (dkt. 132) at 2 (emphasis in original). Further, "Defendants are informed and believe that Plaintiff was picked up by [the] U.S. Marshals Service from Santa Rita Jail, that plaintiff is a participant in the Federal Witness Protection Program, and that his exact physical location must not be disclosed." *Id*. The court denied the motion to vacate and the motions came on for hearing on September 17, 2019. Plaintiff did not appear at the hearing, and counsel for Defendants reiterated that Defendants are not aware of Plaintiff's location and believe that he is in the Federal Witness Protection Program. Indeed, the address listed by Plaintiff in his most recent Notice of Change of Address (dkt. 129) simply lists the address for the headquarters of the Federal Bureau of Prisons.

Considering Plaintiff's current unavailability[1] and because the parties are unable to engage in any meet-and-confer processes, the court finds it appropriate to DENY all of Plaintiff's pending motions for discovery (dkts. 84, 85, 111, & 118) without prejudice.

**IT IS SO ORDERED.**

Dated: September 17, 2019

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] At this juncture it appears that even were the court to rule in Plaintiff's favor, Defendants would be unable to effectuate the court's orders, *i.e.* provide Plaintiff with additional responses or documents.

2